# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) 2:18-cr-00122-JDL-2 |
| DUSTY LEO, | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

Dusty Leo is charged in the Superseding Indictment (ECF No. 58) with one count of conspiring to commit a hate crime, in violation of 18 U.S.C.A. § 371 (West 2019) and 18 U.S.C.A. § 249(a)(1) (West 2019), as well as two counts of committing a hate crime, in violation of 18 U.S.C.A. § 249(a)(1). Leo moves for a bill of particulars as to the conspiracy count (ECF No. 93). For the reasons set forth below, I deny the motion.

## I. BACKGROUND

As to the conspiracy count, the Superseding Indictment alleges that Leo and his co-defendant, Maurice Diggins, "knowingly and willfully combined, conspired, and agreed with each other to commit . . . violations of [18 U.S.C. § 249] . . . , by willfully causing bodily injury to [two men] because of their actual and perceived race and color" in the District of Maine on or about April 15, 2018. ECF No. 58 at 1. The Superseding Indictment then details the overt acts that Leo and Diggins allegedly undertook in furtherance of the alleged conspiracy. Specifically, the Superseding Indictment alleges that Leo and Diggins approached a Black man on a sidewalk in

Portland and struck him in the head, breaking his jaw, while calling him a "nigger." *Id.* at 1–2. It further alleges that Leo and Diggins approached a second Black man on the same night in a 7-Eleven parking lot in Biddeford and similarly struck him in the head, breaking his jaw, while calling him a "nigger." *Id.* at 2.

## II. DISCUSSION

"The decision to grant or to deny a defendant's motion for a bill of particulars is entrusted to the sound discretion of the district court." *United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989). "'Motions for bills of particulars are seldom employed in modern federal practice,' and when they do arise 'need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause.'" *United States v. Roaf*, No. 2:17-cr-00088-NT, 2018 WL 342008, at *1 (D. Me. Jan. 9, 2018) (quoting *United States v. Sepulveda*, 15 F.3d 1161, 1192–93 (1st Cir. 1993)).

The First Circuit has repeatedly held that an indictment charging a defendant with conspiracy is sufficiently specific and does not warrant a bill of particulars where it alleges the nature of the underlying criminal offense, the co-conspirators' names, and the dates during which the conspiracy existed. *See, e.g., United States v. Nelson-Rodriguez*, 319 F.3d 12, 30–31 (1st Cir. 2003); *see also Sepulveda*, 15 F.3d at 1192–93; *United States v. Gordon*, No. 15-CR-10304-DPW, 2015 WL 7295459, at *2 (D. Mass. Nov. 18, 2015) (citing *United States v. Hallock*, 941 F.2d 36, 40 (1st Cir. 1991) and *Paiva*, 892 F.2d at 155). The Superseding Indictment satisfies these criteria: It specifies the underlying criminal offense, committing hate crimes in violation of 18

2

U.S.C. § 249(a)(1); it names Leo's co-conspirator, Diggins; and it alleges that the conspiracy existed on or about April 15, 2018.[1]

The Superseding Indictment further alleges particular actions and statements by Leo and Diggins in support of the conspiracy charge and includes details such as the locations of the alleged assaults, the initials of the alleged victims, and the nature of the injuries allegedly inflicted. Thus, the Superseding Indictment provides more than enough detail to ensure that Leo is able to prepare a defense, avoid unfair surprise at trial, and protect himself from double jeopardy if he is prosecuted for the same offense in the future. As such, a bill of particulars is not warranted. *See United States v. Gordon*, No. 2:14-cr-69-JDL-5, 2015 WL 1292644, at *3 (D. Me. Mar. 23, 2015) (denying a motion for a bill of particulars where the indictment set forth the "the locus of the crime" and "the manner and means by which [the conspiracy] was allegedly carried out" as well as the dates of the alleged conspiracy and the names of the alleged co-conspirators).

Leo nevertheless contends that he is disabled from preparing a defense against the conspiracy charge because the Superseding Indictment "leaves [him] guessing as to what exactly the [alleged conspiratorial] agreement is, when did it occur, how did it occur, and whether it occurred at all." ECF No. 93 at 2. This contention overlooks the fact that a conspiratorial agreement "'need not be express, but may consist of no

---

[1] At oral argument, Leo suggested that more detailed allegations regarding the conspiratorial agreement were necessary because of the single-day time frame of the alleged conspiracy. Specifically, Leo argued that the allegations in the indictment cannot establish a conspiratorial agreement because Leo could not have had an opportunity to withdraw from any alleged conspiracy during such a brief period. Leo did not provide authority for this argument, and as a matter of common sense, individuals can enter and abandon agreements in minutes or even seconds. Thus, Leo is not entitled to a bill of particulars simply because the alleged conspiracy lasted a single day.

3

more than a tacit understanding,'" and in any case "may be proven by circumstantial evidence, including acts committed by a defendant that furthered the conspiracy's purposes." *United States v. Dimasi*, Cr. No. 09-10166-MLW, 2011 WL 468213, at *4 (D. Mass. Feb. 4, 2011) (quoting *United States v. Pérez-González*, 445 F.3d 39, 49 (1st Cir. 2006)). Because the Government is not required to prove details relating to the formation of the alleged agreement at trial, an indictment need not include such details. *See id.* Therefore, Leo is not entitled to a bill of particulars on this theory.

Leo further asserts that a bill of particulars is warranted because the Superseding Indictment provides "no specificity as to . . . what evidence the Government believes it has to support" the alleged agreement. ECF No. 93 at 3. But a defendant "is not entitled by way of a bill of particulars to obtain details revealing the precise manner in which the government alleges that he committed the crimes charged or the manner in which it will attempt to prove the charges." *United States v. Faucette,* No. 2:13-CR-79-DBH, 2013 WL 3458182, at *1 (D. Me. July 9, 2013) (citing *Nelson-Rodriguez,* 319 F.3d at 30–31). This is especially so where the Government has provided "ample discovery" to the defendant. *United States v. Hoffman*, No. 2:15-cr-068-NT, 2015 WL 6436787, at *2 (D. Me. Oct. 21, 2015).

Here, the Government represents that it has provided Leo with (1) local and federal law enforcement reports outlining relevant portions of the investigation; (2) multiple video recordings of the Biddeford assault, captured on nearby security cameras; (3) search warrant applications and the related returns; (4) photographs of Diggins' tattoos that reflect racial animus; and (5) all of the witness statements obtained in the case (redacted only to remove names and personal identifiers). *See*

4

ECF No. 108 at 2. Because Leo does not challenge the sufficiency of the Government's disclosures, I conclude that these discovery materials inform Leo of the evidence against him and enable him to prepare a defense. *See Nelson-Rodriguez*, 319 F.3d at 30−31 (citing *Sepulveda*, 15 F.3d at 1192−93). Thus, a bill of particulars is not warranted.

### III.  CONCLUSION

For the foregoing reasons, Leo's motion for a bill of particulars (ECF No. 93) is **DENIED**.

**SO ORDERED.**

Dated:  December 30, 2019

                                                                                  /s/ JON D. LEVY
                                                                    **CHIEF U.S. DISTRICT JUDGE**